IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNILOC USA, INC., and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> BLACKBOARD INC., <br><br> Defendant. | Civil Action No. 1:17-cv-00753-LY |

**PLAINTIFFS' MOTION TO STAY**
**PENDING APPEAL IN A RELATED MATTER**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc"), respectfully submit this motion to stay this case pending appeal in a related matter.

On September 28, 2017, in a related case, the court in the Eastern District of Texas ruled the claims at issue in this case are drawn to ineligible subject matter. *Uniloc USA, Inc. et al v. ADP, LLC, et al.*, No. 2:16-cv-00741, Dkt. No. 267 (E.D. Tex. Sept. 28, 2017) ("*ADP* Order"). On September 29, 2017, Defendant in this action, Blackboard, Inc. ("Blackboard"), filed a motion for summary judgment, based on that decision's having created issue preclusion. *See* Dkt. No. 19.

On October 27, Uniloc appealed the *ADP* Order to the Federal Circuit. Uniloc expects a ruling on appeal in the next 12 months. The outcome of that appeal will affect the ultimate result in this parallel case (and other cases Uniloc filed on the same patents).

Uniloc agrees the *ADP* Order would govern claims asserted against Blackboard in this case, and other cases on those patents. Uniloc also agrees the *ADP* Order creates issue

1

preclusion, which prevents Uniloc's asserting those claims against Blackboard, or other defendants, unless and until the *ADP* Order is vacated.  For that reason, the defendants in all but one of the other cases on these patents have stipulated to a dismissal of their cases, without prejudice, to await the outcome of the appeal. (Among the cases dismissed without prejudice was *Uniloc v. Box, Inc.*, Civil Action No. 1:17-cv-00755).

Blackboard, for reasons of its own, is thus virtually alone among the many defendants in these now scattered cases, in wanting to press forward, even though any time or resources the parties and the Court would spend on this matter during the appeal could well be wasted.  After all, if the appeal results in a reversal, then any intervening decision on fees and costs would be moot.

The Court's options are:  (1) Stay the case, pending the outcome of Uniloc's appeal; or (2) dismiss the action with prejudice, in which case the dismissal will also be appealed, and the appeal likely stayed by the Federal Circuit to await the outcome of the *ADP* appeal.

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  *Landis v. N. Am. Co.,* 229 U.S. 248, 254 (1936).  Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863–64 (9th Cir. 1979).  Courts often stay cases pending the resolution of a related case.  *See, e.g.*, *Fairview Hosp. v. Leavitt,* 2007 WL 1521233, at *3 n.7 (D.D.C. May 22, 2007) (granting a stay pending the resolution of another matter that would likely settle or simply issues even though it "would not foreclose the necessity of litigation in [the stayed] case"); *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001)

(staying a civil copyright action pending the resolution of a related case before the Supreme Court of the United States because any holding would "significantly impact" the multidistrict litigation); *Marshel v. AFW Fabric Corp.,* 552 F.2d 471, 472 (2d Cir.1977), vacated and remanded for consideration of mootness, 97 S.Ct. 228 (1976) (instructing district court to stay further proceedings pending a Supreme Court decision in a closely related case which was likely to determine the question of liability).

Uniloc asks the Court to stay the case, pending appeal. If the Federal Circuit reverses, then the parties will simply pick up where they left off. Conversely, if the Federal Circuit affirms the *ADP* Order, then the Court would enter judgment in this case at that time.

At the initial pretrial conference, Blackboard's counsel mentioned that the Court could decide its motion for an award of costs under Rule 41(d) (Dkt. No. 17) without waiting for the outcome of the appeal. Uniloc would not object to making that motion an exception to the stay, if the Court wishes. But in a related case, *Uniloc v. Box, Inc.*, CA No. 1:17-cv-00755, before this Court, Box filed an identical motion (Dkt. No. 22), to which Uniloc yesterday filed its Opposition (Dkt. No. 24), a copy of which is attached to this Motion as Exhibit A. The Court may want to decide the Box motion before deciding whether to exempt Blackboard's motion from the stay.

Uniloc respectfully requests that the Court stay this case pending appeal of the *ADP* Order.

Dated: November 3, 2017  Respectfully submitted,

/s/ *James J. Foster*
James J. Foster
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: jfoster@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**

CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 3, 2017.

/s/ *James J. Foster*