IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNILOC USA, INC. AND UNILOC § 
LUXEMBOURG, S.A., §
        PLAINTIFFS, §
§
V. §    CAUSE NO. 1:17-CV-753-LY
§
BLACKBOARD, INC., §
        DEFENDANT. §

# MEMORANDUM OPINION AND ORDER

Before the court in the above-styled and numbered cause are Blackboard's [Opposed] Motion for Costs and Attorneys' Fees and for a Stay Under Fed. R. Civ. P. 41(d) filed September 27, 2017 (Dkt. No. 17), Blackboard's Opposed Motion to Seal the Following: Declaration of Michael S. Nadel in Support of Blackboard's Opposed Motion for Costs and Attorneys' Fees and for a Stay Under Fed. R. Civ. P. 41(d) and Exhibits 2-14 to the Declaration of Michael S. Nadel filed September 27, 2017 (Dkt. No. 18), Plaintiffs' Unopposed Motion for Extension of Time to File Opposition to Blackboard's Motion for Costs and Attorney's Fees and for a Stay Under Fed. R. Civ. P. 41(d) and Blackboard's Motion to Seal the Declaration of Michael S. Nadel filed October 3, 2017 (Dkt. No. 22), Memorandum of Plaintiffs Regarding Blackboard's [Opposed] Motion for Costs and Attorneys' Fees filed October 5, 2017 (Dkt. No. 24).[1]

## I. BACKGROUND AND ARGUMENTS

This case is a refiling of a case that Uniloc USA, Inc. and Uniloc Luxembourg, S.A. ("Uniloc") filed against Blackboard, Inc. ("Blackboard") in the United States District Court for the Eastern District of Texas in August 2016. *See Uniloc USA, Inc. v. Blackboard Inc.*, No.

---

[1] Both "attorney's fees" and "attorneys' fees" are used in this order; the latter where dictated by the quoted material and the former by this court's practice.

2:16-cv-859 (E.D. Tex. filed Aug. 2, 2016). It was one of a series of cases filed by Uniloc against several defendants involving similar patents. The case against Blackboard was consolidated with other cases brought by Uniloc. *Uniloc USA, Inc. v. ADP, LLC*, No. 2:16-cv-741 (E.D. Tex.) (consolidated case in which claims against Blackboard were litigated). The Eastern District court held a claim-construction hearing on August 10, 2017, and rendered a preliminary claim-construction order that was unfavorable to Uniloc. Uniloc immediately voluntarily dismissed the Eastern District action. Uniloc then filed this suit against Blackboard in the Western District of Texas. Blackboard immediately moved for costs and attorney's fees under Federal Rule of Procedure 41(d) against Uniloc (Dkt. No. 17) for the costs it incurred in the previous action.[2] *See* Fed. R. Civ. P. 41(d). Because Blackboard does not seek attorney's fees under the Patent Act, the only question before the court is whether an award of attorney's fees is proper under Rule 41(d).

"If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). Blackboard seeks costs and attorney's fees it incurred while defending itself in the Eastern District case, "only to have Uniloc voluntarily dismiss the case when Uniloc faced the prospect of the Eastern District of Texas court's claim construction order, which Uniloc believed—correctly—would be damaging to Uniloc's case." Blackboard argues that "Uniloc's conduct in dismissing the Eastern District of Texas case and re-filing on the same Asserted Patents is 'abusive per se.'"

---

[2] Blackboard's request for attorney's fees is identical to the one made in *Uniloc USA, Inc. v. Box Inc.*, No. 1:17-cv-755, which this court denied on June 5, 2018. Dkt. No. 31. Because the facts are the same, the court's opinion is also the same.

2

## II. LEGAL AUTHORITY FOR AWARDING ATTORNEY'S FEES AS COSTS

May a court award attorney's fees incurred in a previous action as "part of the costs of that previous action"? Fed. R. Civ. P. 41(d). Federal Circuit law governs an award of attorney's fees in a case brought under the Patent Act. *See ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1379 (Fed. Cir. 2009). The Federal Circuit hasn't considered whether attorney's fees are recoverable as costs under 41(d). With no direct authority on point, this court looks to the reasoning of the Supreme Court when it considered whether attorney's fees are recoverable as costs, as well as the reasoning of the regional circuits that have considered whether Rule 41(d) permits an award of attorney's fees as "costs" to determine whether attorney's fees are properly awardable under Rule 41(d) in a case brought under the Patent Act.[3]

In *Marek v. Chesny*, the Supreme Court considered whether awarding "costs" under Federal Rule of Procedure 68 included an award of attorney's fees for the prevailing plaintiff in a civil-rights case. 473 U.S. 1, 8–9 (1985). The Court began its analysis by contrasting the "English Rule," which awards attorney's fees as costs, and the "American Rule," which does not. *Id.* at 8. The Court recognized certain exceptions to the American Rule, most of which "were found in federal statutes that directed courts to award attorney's fees as part of costs in particular cases." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260–62

---

[3] *See Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (per curiam) (holding without analysis that "the district court did not abuse its discretion in awarding defendant-appellee $200 attorney fees" under Rule 41(d)); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (holding that attorney's fees are never available under 41(d) because "the rule does not explicitly provide for them"); *Meredith v. Stovall*, No. 99-3350, 216 F.3d 1087 (10th Cir. 2000) (unpublished table decision) (stating that "[u]nder the language of Rule 41(d), the decision whether to impose costs and attorney's fees is within the discretion of the trial court"); *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000) (holding that fees are available under 41(d) "only where the underlying statute defines costs to include attorneys' fees"); *Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 309–12 (4th Cir. 2016) (same); *Portillo v. Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017) (same).

(1975)). The Court went on to list several statutes that define costs to include attorney's fees, either by directing that reasonable attorney's fees were allowable as costs or by phrasally defining costs to include attorney's fees. *Id.* As an example of the former, the Court noted section 407 of the Communications Act of 1934, which provides that "[i]f the petitioner shall finally prevail, he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit." *Id.* (citing 47 U.S.C. § 407). Likewise, the Court considered the Clayton Act, the Securities Act of 1933, and the Securities Exchange Act of 1934, all of which include attorney's fees as part of awardable "costs."[4]

The Court considered such statutes to be "exceptions to the American Rule," of which the Rules Advisory Committee was fully aware of when drafting the Federal Rules of Civil Procedure. *Id.* at 8–9. The Court concluded that "where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for the purposes of Rule 68." *Id.* at 9. In other words, "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute." *Id.* Accordingly, the Court determined that an award of attorney's fees was appropriate under the Civil Rights Attorney's Fees Awards Act of 1976, that declares "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *Id.*

In step with *Marek*, the Fifth, Fourth, and Seventh Circuits have concluded that "a party may recover reasonable attorneys' fees as part of its 'costs' under Rule 41(d) only where the

---

[4] 473 U.S. at 8 (citing to the Clayton Act, 15 U.S.C. § 15 ("and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee"); the Securities Act of 1933, 15 U.S.C. § 77k(e) ("In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees"); and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i(e), 78r(a) ("In any such suit the court may, in its discretion, require an undertaking for the payment of the costs of such suit, and assess reasonable costs, including reasonable attorneys' fees, against either party litigant.")).

underlying statute defines costs to include attorneys' fees." *See Portillo v. Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017) ("Fee awards are permitted under Rule 41(d) only if the underlying statute defines 'costs' to include fees."); *see also Andrews v. Am.'s Living Centers, LLC*, 827 F.3d 306, 311 (4th Cir. 2016) ("Rule 41(d) does not provide for an award of attorneys' fees as a matter of right; instead, a district court may award attorneys' fees under this rule only where the underlying statute provides for attorneys' fees."); *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000). It is the view of this court that attorney's fees are permitted under Rule 41(d) only if the underlying statute defines 'costs' to include attorney's fees.

### III. ANALYSIS

The Patent Act provides distinct remedies tailored to the particular mode or method of patent infringement with some providing costs, others providing no costs, and still others providing for attorney's fees. The general damages provision for patent infringement provides that, "upon finding for the claimant the court shall award the claimant damages . . . together with interest and costs as fixed by the court." 35 U.S.C. § 284. Attorney's fees, in contrast to costs, may only be awarded in "exceptional cases." 35 U.S.C. § 285.

Other parts of the Patent Act do provide for an award of attorney's fees or distinguish between attorney's fees and costs. For example, an individual who brings a claim of improper or deceptive invention promotion "may recover in a civil action against the invention promoter (or the officers, directors, or partners of such invention promoter), *in addition to reasonable costs and attorneys' fees* . . . ." *Id.* at § 297 (emphasis added). Another provision explicitly distinguishes between "damages, interest, costs and treble damages under section 284" and "attorney's fees under section 285." 35 U.S.C. § 296.

Nowhere does the Patent Act define costs to include attorney's fees. Because the Act does not define costs to include attorney's fees, the court concludes that attorney's fees are not available to Blackboard under Rule 41(d).

## IV. INHERENT SANCTIONING AUTHORITY

Blackboard asserts that attorney's fees are also available "because courts retain the inherent authority to award attorneys' fees under Rule 41(d) 'where a party has acted in bad faith or inflicted unnecessary costs on the court or the defendant.'" Uniloc did not act in bad faith or inflict unnecessary costs on the court or on Blackboard. Uniloc's original filing in the Eastern District complied with venue law being applied at the time. Uniloc's actions in dismissing its Eastern District case in the face of an unfavorable claim-construction order and refiling in this court are arguably questionable. The court concludes Uniloc's actions do not rise to the level of bad faith that would justify awarding attorney's fees.

## V. CONCLUSION

**IT IS ORDERED** that Blackboard's [Opposed] Motion for Costs and Attorneys' Fees and for a Stay Under Fed. R. Civ. P. 41(d) filed September 27, 2017 (Dkt. No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Blackboard's Opposed Motion to Seal the Following: Declaration of Michael S. Nadel in Support of Blackboard's Opposed Motion for Costs and Attorneys' Fees and for a Stay Under Fed. R. Civ. P. 41(d) and Exhibits 2-14 to the Declaration of Michael S. Nadel filed September 27, 2017 (Dkt. No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Extension of Time to File Opposition to Blackboard's Motion for Costs and Attorney's Fees and for a Stay Under Fed. R. Civ. P. 41(d) and Blackboard's Motion to Seal the Declaration of Michael S. Nadel filed October 3, 2017 (Dkt. No. 22) is **DISMISSED**.

SIGNED this __27th__ day of September, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE